

*C. M. Erwin* and *J. A. Watkins,* for appellant.

*Kaneaster Hodges,* for appellee.

McHANEY, J. Appellee, Newport Levee District, through its board of directors, brought this action against appellants and Mrs. Lallie Latham to condemn a strip of ground 15 feet wide across 12 lots, each 50 feet wide, for permanent use so that a concrete base for an enlarged flood wall could be constructed beneath the ground, and an adjacent strip 20 feet wide off the same lots for temporary use in the construction of the enlarged wall and base. Mrs. Latham was the owner of said lots and appellants were her lessees, using said lots for the operation of a sand and gravel plant. The proceeding was instituted under the provisions of §§ 4934 to 4943, Pope's Digest, inclusive.

Appraisers were appointed and damages awarded to Mrs. Latham, but not to appellants. Each filed an answer in the nature of exceptions to the report of the appraisers and a claim for damages, appellants alleging that they have a lease on the property on the side of the sea wall next to White river, and are doing a sand and gravel business by taking same from said river and assembling them on top of the bank where they are loaded

into railroad cars and shipped; that the construction of the sea wall necessitated the removal of the railroad tracks on August 12, 1939, and they were not restored until October 2, 1939; that during this time they were required to build a temporary bin, install a screen thereon and change their conveyor; that they had to load their material into trucks and haul same about one-half mile to load same into cars by means of a crane with a clam shell bucket; and that this process cost them an additional 15 cents per ton on 10,847 tons handled during the time they were deprived of the use of the railroad tracks at their plant, or $1,627.05, for which they prayed judgment. By amendment the damages claimed were increased to $1,929.49. Appellee demurred to this pleading on the ground it did not state facts sufficient to constitute a cause of action and the court sustained same.

On the same day the court proceeded to try the cause on the exceptions of Mrs. Latham and those of appellants filed on November 1, 1939, where a claim of damages of $500 was made. Trial resulted in a verdict and judgment for Mrs. Latham in the sum of $350. The parties stipulated in open court that $30 was the reasonable rental value of the 20-foot strip of land temporarily occupied by appellee, and a judgment for said sum was entered in favor of appellants and against appellee. Mrs. Latham accepted her judgment and appellants, being dissatisfied, have appealed.

Appellants contend they are entitled to recover the elements of damage set out in the amendments to their original exceptions, and that the court erred in sustaining the demurrer of appellee thereto. The substance of the claim is that they are entitled to recover the additional cost of 15 cents per ton they incurred in the operation of their plant over what it had cost them previously. The statute under which this proceeding was brought provides what elements of damages may be recovered in § 4936 of Pope's Digest. Such damages are: ". . . the fair market value of the land appropriated, or intended to be appropriated; the damage which the construction of the levee will cause by the obstruction of natural drainage, not to exceed the cost of artificial

drainage, and the inconvenience of passing over the levee
. . . that has been constructed, or may be constructed,
and the value of crops and houses on the right-of-way
injured or destroyed by the construction of levees,
. . . or the cost of removing the houses; . . ."
These are all the recoverable elements of damages pro-
vided for in the statute, and by § 4942, Pope's Digest, it is
provided: "The recovery of damages on account of the
construction of levees or drains shall be limited and con-
fined to the elements of damage mentioned and provided
for in this act (§ 4936) . . . and neither the owner
nor the owners thereof shall recover any other compensa-
tion or damages for the appropriation of any lands, and
the construction and maintenance of levees or drains
thereon, than is herein provided." Appellants' claim
being one for increased cost of production, or one for
loss of profits, is clearly not covered by the statute, so
there can be no recovery.

Appellant relies very strongly on the case of *City
Oil Works* v. *Helena Imp. Dist. No. 1*, 149 Ark. 285, 232
S. W. 28, 20 A. L. R. 296, which we think is without ap-
plication here. There the oil mill of appellant had been
protected by the levee running between its plant and the
Mississippi river, but because of continued subsidences
in this levee, the District moved the levee back, or con-
structed a new levee 60 feet high, leaving the oil mill
between the new levee and the river. This new levee ran
across an industrial track that served the oil mill, cutting
it off entirely from railroad connection and virtually
destroying the value of the plant. In that case it was
held, to quote a headnote, that: "In an action to con-
demn a right-of-way for a levee, an instruction limiting
the damages to be recovered to the value of the land
actually taken in the construction of the levee and deny-
ing defendant's right to recover on account of the levee
being built across an industrial track to its oil mill was
erroneous where it was not shown that the practical use
of the oil mill had been destroyed on account of its being
left outside of the levee by construction of the new
levee."

A careful reading of that opinion does not authorize a recovery for the damages claimed in this. We think the only recoverable damage suffered by appellants was the reasonable rental value of the land temporarily taken, which was stipulated to be $30, which amount was awarded them, and that the trial court correctly sustained the demurrer to their exceptions claiming other damages.

Affirmed.

Opinion delivered January 7, 1941.